**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUL 01 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICHARD WESLEY BRYAN,

          Plaintiff - Appellant,

  v.

TERRIE MATSEN, SCCC Mailroom
Staff; et al.,

          Defendants - Appellees.

No. 14-35493

D.C. No. 3:14-cv-05075-RBL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted June 22, 2015[**]

Before:    HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

    Washington state prisoner Richard Wesley Bryan appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging First

Amendment claims arising from the rejection of his mail.  We have jurisdiction

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review de novo the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010).  We may affirm on any basis supported by the record, *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008), and we affirm.

Dismissal of Bryan's First Amendment claim alleging that defendants violated an internal prison policy by withholding his mail was proper because failure to follow internal prison policies does not rise to the level of a constitutional violation.  *See Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009).

The district court properly dismissed Bryan's retaliation claim because Bryan failed to allege facts showing that defendants rejected his mail in retaliation for filing a lawsuit, or that defendants had no legitimate penological reason for rejecting his mail.  *See Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (elements of a First Amendment retaliation claim in the prison context); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995) (courts should "'afford appropriate deference'" to prison officials in evaluating "proffered legitimate penological reasons" (citation omitted)); *see also Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) ("[W]e may consider facts contained in documents attached to the complaint.").

We do not consider arguments and allegations raised for the first time on

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**